No. 910

FEDERAL LIFE INS. CO. v. GULICK

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5681.    Decided June 1, 1925

851. NOTICE—Question of whether insurance company received sufficient notice is an issuable fact for jury.

PER CURIAM.

This action was brought in the Cuyahoga Common Pleas by Inez Gulick against the Federal Life Insurance Co. and was based upon an insurance policy. It was sought to recover for the death of Mrs. Gulick's husband, alleged to have been caused by decedent accidently cutting himself while shaving, which resulted in anthrax, from which he died a few days later.

The policy insured "against death sustained by personal bodily injury, which is effected directly and independently of all other causes through external, accidental means, which causes at once total and continuous inability to engage in any kind of business, etc." It also provided that written notice of injury must be given within 10 days thereafter. Verdict was returned in favor of Gulick and judgment entered thereon.

Error was prosecuted and the Company contended that notice was not given and that the condition as to notice had not been waived; that decedent's death did not result solely from personal injury within terms of the policy and the alleged injury did not cause at once the inability to engage in business. It was further claimed that the decedent while engaged in the performance of his duties as a brush inspector, contracted an infection from the poisonous germs of anthrax and died as a direct result of illness and disease known as anthrax septicaemia; (blood poisoning) and that the evidence showed no anthrax germs in the shaving brush, soap, cup, or on the razor or towel. The Court of Appeals held:

1. On the question of notice, it was, to say the least, an issuable fact, and the jury apparently found that proper notice was given within the time required.

2. As to the cause of the death, the verdict on judgment cannot be disturbed; for there was some evidence tending to show by a continuous chain of events that the so called blood poisoning resulted from a cut which decedent sustained while shaving.

3. It is largely a matter of speculation to say that he contracted the infection from poisonous germs of anthrax while engaged as a brush inspector. Every blood poisoning is due to a number of combined causes.

4. The cut sustained while shaving was at least the starting point which led to blood poisoning. The particular employment in which he was engaged undoubtedly aggravated the injury.

Judgment affirmed.

Attorneys—J. H. McNeal, for Company; Stearns, Chamberlain & Royon for Gulick; all of Cleveland.